IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2021 OCT 29 PM 12:10
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

Civil Action No. _____

LAMONT L. NORRIS

Plaintiff

v.

UNITED STATES OF AMERICA,
STEPHANIE HARTZ,
GARY W. PHILLIPS,

Defendant(s).

## COMPLAINT & JURY DEMAND

COMES NOW, Lamont L. Norris, Plaintiff pro se, hereby bring this action on his own behalf and

allege in the Complaint as follows:

### INTRODUCTION

1. Plaintiff Lamont L. Norris (herein "Plaintiff") brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 42 U.S.C. § 1983, against Defendant United States of America, Stephanie Hartz, Gary W. Phillips, and unknown members of the United States

1

Marshal Service (herein collectively "Defendants"), for the wrongful acts and omissions of its federal government employees acting within the course and scope of their federal employment.

2. This action arises out of the Unnecessary and Illegal Delay of Plaintiff's Arraignment and Preliminary Hearings, and the Tortious Acts of Negligence, Intentional Infliction of Emotional Distress (IIED), under the Federal Tort Claims Act (FTCA), committed against the Plaintiff by the United States Government (specifically, the United States Department of Justice) from on or about November 1, 2019 through January 8, 2020 in Denver, Colorado - as set forth herein.

3. On or about November 1, 2019 through January 8, 2020, the aforementioned Defendants were involved in a campaign, and participated collectively, to deprive Plaintiff of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights, to Due Process of Law, and the right to Counsel, when they kept him incarcerated at the Federal Correctional Institution (herein "FCI Englewood"), in Englewood Colorado for two (2) months, without providing him with timely Arraignment and Preliminary Hearings, although they knew he had been arrested on a probation violation warrant and was incarcerated awaiting those hearings.

4. The negligent acts have caused Plaintiff actual, compensable injury, caused him embarrassment and humiliation, and subjected him to mental anguish and emotional distress.

## JURISDICTION

5. Under 28 U.S.C. §§ 1331, 1346(b), and 2671, this Court is vested with jurisdiction over Plaintiff's claim against the United States for the negligent and/or wrongful acts or omissions of its employees.

## VENUE

6. Venue is properly with the U.S. District Court for the District of Colorado under 28 U.S.C. § 1402(b) because Plaintiff resides in Denver, Colorado.

## EXHAUSTION OF REMEDIES

7. Plaintiff presented an administrative tort claim to the Office of the U.S. Attorney General for the U.S. Department of Justice, and to the Office of the Colorado Attorney General, the appropriate government agencies for adjudication. No agency action has been taken. Thus, Plaintiff has exhausted administrative remedies prior to filing suit in accordance with 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b).

## PARTIES

8. Plaintiff Lamont L. Norris resides in Denver Colorado. On or about November 1, 2019 through January 8, 2020, the United States Department of Justice subjected Plaintiff to an Unnecessary and Illegal Delay of his Arraignment and Preliminary Hearings.

9. Defendant United States of America is the appropriate defendant for claims brought pursuant to the FTCA. 28 U.S.C.§ 1346(b).

## FACTS

10. On February 6, 2019, Plaintiff was sentenced to 12 months and 1 day imprisonment and 18 months supervised release for a violation of supervised release related to his original conviction

for the offense of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

11. On July 19, 2019, Supervision commenced and was set to expire on January 18, 2021.

12. This was Plaintiff's second term of supervised release.

13. Upon his release Defendant Hartz was assigned as Plaintiff's probation officer.

14. On October 12, 2019, while on probation, Plaintiff was arrested by Denver Police Officers for allegedly being in possession of a handgun and illegal drugs.

15. On October 13, 2019, Plaintiff appeared before a Denver County Court Magistrate Judge, and was released on bond pending trial.

16. October 18, 2019, Defendant Hartz authored and submitted a Petition For Warrant On Person Under Supervision, related to the incident surrounding Plaintiff's October 12, 2019 arrest.

17. On October 18, 2019, Defendant Phillips, signed and authorized Defendant Hartz Petition for the arrest of Plaintiff.

18. On October 18, 2019, Defendant Hartz submitted a petition for an arrest warrant to the United States Court for the District of Colorado, requesting Plaintiff's arrest.

19. On October 22, 2019, a Probation Warrant Issued for Plaintiff's arrest based on Defendants Phillips and Hartz petition for an arrest warrant.

20. On October 28, 2019, Plaintiff was arrested for the probation violation warrant and placed in federal custody.

21. Plaintiff was detained at FCI Englewood, in Englewood Colorado, for two (2) months prior to receiving an Initial Appearance hearing.

22. On January 2, 2020, Plaintiff received an initial appearance hearing re: Revocation of Supervised Release and appointed an attorney approximately two (2) months after he was detained.

23. On January 8, 2020, Plaintiff received a detention hearing and preliminary hearing, over two (2) months after he was detained.

24. At no time did Mr. Norris waive his rights to a timely initial appearance, detention, or preliminary hearings.

25. Plaintiff immediately made Defendants Hartz, Phillips, U.S. Marshal's office, and the Attorney General's office, aware of his detention at FCI Englewood and the unnecessary and illegal delay of his initial appearance, detention, and preliminary hearings, via U.S. Mail and phone calls, to no avail.

26. After being put on notice of Plaintiff's detention at FCI Englewood, the aforementioned parties and entities failed to act in accordance with federal laws and rules, to assure Plaintiff received a timely initial appearance, detention, and preliminary hearings.

27. Under federal law, "A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." See Fed.R.Civ.P. Rule 32.1.

28. The Rule further provides "If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing."

29. Under federal law, "The magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody. Fed.R.Civ.P. Rule 5.1(c).

30. Absent a "waiver" by Plaintiff or "good cause" shown by the government, the preliminary hearing on the revocation petition is untimely conducted.

31. Plaintiff never waived his right to a preliminary hearing, nor did the parties and entities show "good cause" why the preliminary hearing should be held outside of the statutory time frame.

32. The rules regarding initial appearances, detention hearings, and preliminary hearings are designed to protect criminal defendants' procedural due process rights.

33. Plaintiff was prejudiced as a result of the unnecessary and illegal delay of his initial appearance and preliminary hearings.

34. Due to the unnecessary and illegal delay of his initial appearance hearing, Plaintiff wasn't appointed an attorney until January 02, 2020, over two (2) months after he was detained at FCI Englewood.

35. The unnecessary and illegal delay of his initial appearance, detention, and preliminary hearings, caused him to lose the only eye witnesses and evidence related to the underlying criminal charges, that supported his innocence and verified that he wasn't driving the vehicle involved in the alleged pursuit, therefore, hindering his ability to defend against the probation revocation charges.

36. Plaintiff is also left with psychological traumas as a result of the government's unnecessary and illegal delay of his initial appearance, detention, and preliminary hearings.

37. Plaintiff continues to experience a deep sense of despair, fear, and helplessness.

38. Plaintiff suffers from mental anguish and emotional distress.

39. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

# CLAIMS FOR RELIEF

**I. First Claim: Fifth Amendment- Procedural Due Process of Law;**

    **Supporting Facts:**

40. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

41. The actions of Defendants Hartz and Phillips violated Plaintiff's clearly established Due Process rights under the Fifth Amendment.

42. Defendants Hartz and Phillips failure to inform the court of Plaintiff being in custody, although they knew he had been arrested on the warrant they requested, caused the unnecessary and illegal delay of his initial appearance, detention, and preliminary hearings, which ultimately violated Plaintiff's clearly established Due Process rights under the Fifth Amendment.

43. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

**II. Second Claim: Negligence;**

    **Supporting Facts:**

44. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

45. Defendants Hartz and Phillips, in their individual and official capacities, committed the negligent acts, as set forth herein above, and those acts approximately caused the emotional, physical and financial injuries visited upon Plaintiff.

46. Defendants Hartz and Phillips, owed Plaintiff a duty of care to treat him fairly, to not subject him to unnecessary and illegal delays of his initial appearance, detention, and preliminary hearings, and to not subject him to emotional distress.

47. Defendants Hartz and Phillips, breached that duty of care by way of their own conduct as alleged herein.

48. Defendants Hartz and Phillips failure to inform the court of Plaintiff being in custody, although they knew he had been arrested on the warrant they requested, caused the unnecessary and illegal delay of his initial appearance, detention, and preliminary hearings, which ultimately violated Plaintiff's clearly established Due Process rights under the Fifth Amendment.

49. Defendants Hartz and Phillips conduct, has caused Plaintiff emotional distress and mental anguish.

50. As a proximate result of Defendants Hartz and Phillips negligence, Plaintiff has suffered lost wages, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and embarrassment.

51. All the above damages were directly and proximately caused by the aforementioned negligence of Defendants Hartz and Phillips.

52. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

**III. Third Claim: <u>Intentional Infliction of Emotional Distress;</u>**

**Supporting Facts:**

53. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

54. The actions of Defendants Hartz and Phillips constitute the tort of intentional infliction of emotional distress under Colorado law.

55. In order to recover for intentional infliction of emotional distress in Colorado, a plaintiff must establish "(1) The defendant engaged in extreme and outrageous conduct; (2) The defendant did so recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) The defendant's conduct caused the plaintiff severe emotional distress." See *Colo. Jury Instr.,* Civil 23:1 citing *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970).

56. Defendants Hartz and Phillips engaged in extreme and egregious conduct here.

57. Plaintiff sat in custody for two (2) months without receiving his initial appearance, detention, and preliminary hearings, although Defendants Hartz and Phillips knew he had been arrested on the warrant they requested, without informing the court of his arrest, upon Plaintiff's request.

58. Instead of following their own continuum of standards in response to Plaintiff's request to inform the court of him being in custody, Defendants Hartz and Phillips ignored his pleas, subjecting him to the unnecessary and illegal delays of his initial appearance, detention, and preliminary hearings.

59. The emotional distress suffered by Plaintiff is and was severe.

60. Due to the unnecessary and illegal delays of his initial appearance, detention, and preliminary hearings, Plaintiff was deprived of court appointed counsel in a timely manner, lost contact with the only witness that could rebut his involvement in the alleged crime, and caused him to be incarcerated longer than necessary.

61. In the aftermath of the unnecessary and illegal delays of his initial appearance, detention, and preliminary hearings, Plaintiff suffered from anxiety attacks, mental anguish, and emotional distress.

62. The officers desired to cause Plaintiff mental anguish and emotional distress.

63. Even after Plaintiff made Defendants Hartz and Phillips aware of his arrest and being in custody, (which they were already aware of), and requested them to inform the court of him being in custody, because he had not been to any court appearances, they ignored him and refused to inform the court of him being in custody, causing the unnecessary and illegal delays of his initial appearance, detention, and preliminary hearings.

64. The actions of Defendants Hartz and Phillips were the direct and proximate cause of the harm that Plaintiff suffered.

65. Plaintiff in no way contributed to his own injuries.

66. Defendants United States of America, Hartz, and Phillips, are liable to Plaintiff for all damages resulting from their intentional infliction of emotional distress.

67. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court to enter judgment in his favor and against the Defendants, and award him all relief as allowed by law and equity, including, but not limited to the following:

a. Issue a declaratory judgment that defendants' conduct as complained of herein, was a violation of Plaintiff's rights under the United States Constitution and the Federal Tort Claims Act;

b. Issue an injunction (a) prohibiting Defendants from engaging in and causing the unnecessary and illegal delays of initial appearance, detention, and preliminary hearings; (b) ordering Defendants to establish effective preventative mechanisms to ensure that unnecessary and illegal delays of initial appearance, detention, and preliminary hearings do not continue in the future, including, but not limited to the following:

>   (i) to cease and desist from all unnecessary and illegal delays of initial appearance, detention, and preliminary hearings;
>
>   (ii) to cease and desist from all unnecessary and illegal delays of initial appearance, detention, and preliminary hearings without a waiver or good cause;
>
>   (iii) to establish a procedure, to make probation officers inform the court of each person who's in custody after being arrested on probation violation arrest warrants;
>
>   (iv) to establish clear and consistent discipline, in the event a grievance is sustained against probation officers who fail to inform the court of a probation arrestee being in custody;

  (v) to establish a mechanism for internal discipline of probation officers who are found to have engaged in unnecessary and illegal delays of initial appearance, detention, and preliminary hearings;

  (vi) to require that all probation officers participate in regular and recurring training, to assure that the officers do not act to cause unnecessary and illegal delays of initial appearance, detention, and preliminary hearings;

c. Actual economic damages as established at trial;

d. Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

e. Punitive damages for all claims allowed by law in an amount to be determined at trial;

f. Nominal damages;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Attorney's fees and the costs associated with this action under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified by law;

i. Any further relief that this Court deems just and proper, and any other relief as allowed by law;

j. A trial to a jury on all issues so triable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed: October 28, 2021.

*/s/ L. C. Norris*
Lamont L. Norris
20740 E. Scott Cir.
Denver CO. 80249